**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,             CASE NO. 25-20519
                                     HON. DENISE PAGE HOOD

v.

KAMARR JAMES,

                Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO SUPPRESS**
**EVIDENCE [ECF NO. 38]**

## I.      BACKGROUND

Kamarr James was indicted with one count of Felon in Possession of a Firearm, 18 U.S.C § 922(g)(1). On or about October 13, 2024, Detroit Police Department officers ("DPD") were on patrol on East Seven Mile Rd. and Ryan Rd. Officers pulled into a gas station where they claim they saw Defendant ("James") exit the driver's seat of a black Chrysler Pacifica and walk into the gas station. The officers heard loud music coming from the Pacifica, prompting them to approach the vehicle's door. Upon approaching the door, the officer saw a handgun in the front passenger seat. Officers walked into the gas station and approached James and asked him if he had a concealed pistol license (CPL). Officers then detained him and conducted a search, where they found a total of 140 Xanax pills inside his right

1

coat pocket. The officers searched the Pacifica and recovered a Glock 45 9mm handgun equipped with an extended magazine lying on the front passenger seat and a Glock 17 9mm handgun lying on the floorboard.

## II.    ANALYSIS

James seeks to suppress all evidence seized from his person and the statements elicited from him.  He asserts that the police lacked reasonable suspicion to stop and frisk him. At the hearing, James specifically sought to suppress the pills that were found on his person and the statements that were made after being arrested. He did not seek to suppress the gun that was found inside of the vehicle as his main argument is that the stop was improper.

The Supreme Court has identified three types of reasonable, permissible, and warrantless encounters between the police and citizens:  1) consensual encounters in which contact is initiated by a police officer without any articulable reason whatsoever and the citizen is briefly asked questions; 2) a temporary involuntary detention or Terry stop which must be predicated upon "reasonable suspicion;" and 3) arrests which must be based upon "probable cause." *United States v. Pearce*, 531 F.3d 374, 380 (2008).  Officers may conduct a "reasonable search for weapons for the protection of the police officer" when they have reason to believe that they are "dealing with an armed and dangerous individual." *Terry v. Ohio*, 392 U.S. 1,

27 (1968).  In evaluating a Terry stop, the court engages in a two-part analysis of the reasonableness of the stop: whether there was a proper basis for the stop, and, if the stop was proper, whether the degree of intrusion was reasonably related in scope to the situation at hand.  *United States v. Smith*, 594 F.3d 530, 536 (6th Cir. 2010).  "Reasonable suspicion" is a less demanding standard then "probable cause."  *United States v. Mays*, 643 F.3d 537, 542 (6th Cir. 2011)   It requires a showing considerably less than preponderance of the evidence, but the Fourth Amendment requires at least a minimal level of objective justification for making the stop.  *Id*. (citations omitted).  The officers must be able to articulate more than an inchoate and unparticularized suspicion or hunch.  *Id*.  The officers' determination is made in light of the totality of the circumstances.  *Id*., citing *United States v. Arvizu*, 534 U.S. 266, 273 (2002).  Temporary stops where an officer suspects the person is presently engaged in criminal conduct or soon will be, are permitted, including ordering cars to stop and the occupants to exit.  *United States v. Hudson*, 405 F.3d 425, 431 (6th Cir. 2005).

Michigan law makes it unlawful for a person to "carry a pistol concealed" on her or his person or in a vehicle without a license to do so. M.C.L. § 750.227(2).  A person must have a license on their person "at all times he or she is carrying a concealed pistol" and must "show" the license "upon request by [a] peace officer." M.C.L. § 28.425f. See also M.C.L. § 750.231a (a license is an exception to the

prohibition against carrying a concealed pistol).  Courts have held that a defendant has the burden of producing a license to carry a concealed weapon, and that the Government need not show the absence of a license to establish the felony offense of carrying a concealed weapon under M.C.L. § 750.227(2). *See People v. Henderson*, 218 N.W.2d 2 (Mich. 1974); *People v. Perkins*, 703 N.W.2d 448 (Mich. 2005); *United States v. Graham*, No. 21-20433, 2022 WL 4099447 (E.D. Mich. Sept. 7, 2022).

James has requested an evidentiary hearing to determine whether his Fourth and Fifth Amendment rights were violated when officers stopped, questioned, and patted him down while he was in the store. He argues that officers needed reasonable suspicion of criminal activity to seize him. He moves to suppress the statements he made and the pills found during the pat-down.

The government argues that James' motion is moot because they will not be using the evidence of the pills in their case-in-chief. [ECF No. 42, PageID.131] The Government also contends that James does not explain what statements he is challenging, as they are unaware of any written statements and any recorded communications would have been on the officer's body-worn cameras. No witnesses were presented at the time of the evidentiary hearing. Counsel made arguments based on their written submissions and the videos of the police body cameras.

Counsel for the Government indicated that motion to suppress was moot because the government does not intend to use the evidence of illegal drugs found on James person in the gas station will not be used in their case in chief. Because the Court finds that the stop was not legal, such evidence may not be used by the government either in their case in chief or rebuttal or in James' presentation of evidence, if any.

The Government also claims the defense has not cited any specific statements he desires to suppress. However, James has indicated that he seeks to suppress all statements made incident to the illegal stop in the gas station and in the police car, including any statements on the officers' body cameras. Those statements to the extent they exist are suppressed for the reason that the stop was not legal.

The stop, characterized as a *Terry* stop, is not legal as the officer's statements about seeing James leaving the car are inconsistent and not reliable. The officer's report indicates that James was seen leaving the vehicle. However, the officer is heard to remark on the body cam that he saw James near the car, not exiting the vehicle. The officer also remarks, while searching the car, that he basically did not see James get out of the vehicle.  Based on these inconsistencies the Court finds the officers did not have the required reasonable suspicion to stop James in the gas station and pat him down or otherwise detain him at that time for

5

possession of the weapon in the vehicle. James at that time had no keys and except for being "near" the car no other connection to the vehicle. It should be noted that the Government claims the officers heard loud music coming from the vehicle that was parked at the gas pump, though no keys were apparently found.

The Government argues that in the Sixth Circuit a two-step analysis is used to evaluate whether an investigatory stop is constitutional. Although this is true, the Court does not find that the two-step analysis is met. *United States v Beauchamp*, 659 F.3d 560,569 (6th Cir. 2011).  The sole thing the Court had to go on was the remarks from the officers' body cam footage. Based on those remarks and the officers inconsistencies the officers had no "reasonable, articulable suspicion" based on any objective facts that James was engaged in criminal activity. In addition, the officers did not find anything else on James' person other than the pills.

### III.   <u>CONCLUSION</u>

The motion to suppress regarding the pills is moot and the motion to suppress statements is granted based on the arguments of counsel that the officer did not have reasonable suspicion to stop James.

Accordingly, for the reasons set forth above,

IT IS SO ORDERED that Defendant's Motion to Suppress Evidence [ECF No. 38] is **GRANTED**.

DATED:  May 18, 2026

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE